WILLIAMS ET AL., APPELLANTS, *v.* BOARD OF COMMISMISSIONERS OF BROADWATER COUNTY
ET AL., RESPONDENTS.

(No. 1,602.)

(Submitted June 1, 1903.   Decided June 8, 1903.)

*County Commissioners — Powers — Contracts — Suits—Employing Counsel—County Not a Party.*

1.   A contract with an attorney for his services, entered into by the chairman of the board of county commissioners, individually, is not binding on the county, where the first and only action of the board with reference thereto, is the allowing of a portion of the attorney's claim for legal services rendered in pursuance of the contract, since the commissioners have power to bind the county only where they act as a legal entity.

2   If under Political Code, Section 4230, the board of county commissioners has power to employ counsel (which is not decided), it has none whatever to employ counsel to prosecute a suit by an employe of the board against an officer of the county, where the county is not a party to the suit.

*Appeal from District Court, Broadwater County; F. K. Armstrong, Judge.*

E. A. CARLETON presented a claim to the board of county commissioners of Broadwater county.   From the action of the board in allowing part of the claim, David T. Williams and

other taxpayers appealed to the district court, which rendered judgment against appellants; from which judgment, and from an order denying a motion for a new trial, they appeal. Reversed.

*Mr. E. H. Goodman,* for Appellants.

The board of county commissioners must cause to be kept in suitable books a record of all their official acts. (Sec. 4219, Political Code.) To prove these official acts the records themselves would undoubtedly be the best evidence. (Secs. 3208 and 3204, Code of Civil Procedure; *Belk* v. *Meagher,* 3 Mont. 65.)

"Boards of commissioners are the general public agents by which the powers of counties are exercised, but, being creatures of statute, they can exercise only such powers as are expressly conferred upon them, or are necessary to the performance of their public trusts and duties." (Am. & Eng. Ency. of Law (2d Ed.), Vol. 7, p. 976, and note; *Thomas* v. *Smith,* 1 Mont. 1; *Morris* v. *Multnomah Co.,* 18 Ore. 163.)

"A grant of powers to such corporation must be strictly construed." (Am. & Eng. Ency. of Law (2d Ed.), Vol. 7, p. 976, note 3.)

"A board of county commissioners can act only when convened as a board in legal session, either regular, adjourned, or special, as may be provided by statute." (Am. & Eng. Ency. of Law (2d Ed.), Vol. 7, p. 979, and note; *Eigemann* v. *Posy Co.,* 82 Ind. 413; *Paola, etc. R. Co.* v. *Anderson Co.,* 16 Kan. 303; *Anderson Co.* v. *Paola, etc. R. Co.,* 20 Kan. 534; *Hamilton County* v. *Webb,* 47 Kan. 104; *Willis* v. *Webb,* 27 Pac. 825.)

We are willing to concede that county commissioners can employ counsel to prosecute or defend an action to which the county is a party, but it is conceded that the county was not a party to the cases of *Coad* v. *Lambert.* No necessity for the employment of Carleton was shown. (*Miller* v. *Board of Commissioners,* 35 Pac. 712.)

Even when commissioners employ counsel other than the county attorney to prosecute or defend an action to which the county is a party, this must be done at a regular or special meeting of the board. The employment must be the act of the legal entity: the "board," and not the act of the individuals constituting the board. As county commissioners are but agents of the county, they cannot delegate their powers to another agent, particularly in cases where the exercise of their powers involves reason and discussion. "The board of county commissioners of a county cannot delegate its powers  *  *  * to obtain attorneys to manage the prosecution of suits to which the county is a party, nor to abdicate its control of such a suit." (*House* v. *Los Angeles Co.*, 104 Cal. 79; *Smith* v. *Los Angeles Co.*, 99 Cal. 628; *Scollay* v. *County of Butte*, 67 Cal. 249 ) County commissioners, if authorized by statute (and not otherwise) may appoint an agent to discharge ministerial duties not calling for the exercise of reason or discussion, but cannot go beyond this and delegate to others, duties, the discharge of which, calling for the exercise of reason and discretion, are regarded as public trusts. (*House* v. *Los Angeles Co.*, 104 Cal. 79; *People* v. *Town of Linden*, 107 Cal. 94; *Scollay* v. *County of Butte*, 67 Cal. 249.)

"Contracts made by public officers, as county commissioners of a county, obtain validity only by force of the law authorizing their making, and persons contracting with such officers are charged with knowledge of their lawful power and the extent of their authority." Any contract beyond the scope of the corporate power is void. (*Lebcher* v. *Commissioners of Custer Co.*, 9 Mont. 315; *Parr* v. *Village of Greenbush*, 72 N. Y.472; 1 Dillon on Municipal Corporations, 457; *Zoltman* v. *San Francisco*, 20 Cal. 105; *Morris* v. *Multnomah Co.*, 18 Ore. 163; *State* v. *Superior Court, etc.*, 4 Wash. 34.)

Commissioners in allowing bills cannot act arbitrarily, but must be controlled by legal considerations. (*David* v. *Commissioners*, 4 Mont. 292.)

By Subd. 15 of Section 4230, Political Code, the power of the commissioners is expressly limited to the direction and control of suits to which the county is a party.

It was claimed by respondents in the court below that the allowance of Carleton's bill by the commissioners ratified the contract and that in consequence of such ratification the county became liable. If the county had been beneficially interested and the contract was one within the scope of the authority of the commissioners, and not void, the commissioners by accepting the benefits arising therefrom, if any, might ratify a legal contract made by an unauthorized agent, but simply ordering the bill paid would not be a ratification, neither would it be "accepting the benefits arising from the contract." To hold that the allowance of an illegal claim against a county is a ratification of the contract on which the claim was based, would be holding that the power of county commissioners is unlimited by any legal consideration in matters of this kind.

"A void indebtedness against the county can only be made valid by legislative authority." (*Hunt* v. *Fawcett*, 8 Wash. 399.)

"A claim will not be enforced against a county unless it is authorized by some plain provision of law." (*State* v. *Superior Court, etc.*, 4 Wash. 34.)

Claims against the county which are legally chargeable alone can be allowed by the supervisors. (*Linden* v. *Case*, 46 Cal. 171; *Foster* v. *Colman*, 10 Cal. 278; Sec. 4285, Political Code.)

A contract void at its inception cannot be legalized by ratification. (*Hunt* v. *Fawcett*, 8 Wash. 399; *Smith* v. *Los Angeles Co.*, 99 Cal. 628; *Zottman* v. *San Francisco*, 20 Cal. 97.)

MR. COMMISSIONER CALLAWAY prepared the opinion for the court.

It appears from the record that the board of county commissioners of Broadwater county, at a special meeting held in

January, 1899, employed George Lambert and another to index the records of their county, and ordered the county clerk to give Lambert and associate access to his office and to the records therein. This the county clerk, upon the advice of the county attorney, refused to do. After the adjournment of the board Durnen, its chairman, met Lambert upon the street, and directed him to employ counsel for the purpose of bringing an action against the county clerk, saying that the county would pay the bill. The board of county commissioners, while in session, never authorized Lambert, or any other person, to employ counsel. Under the direction given, Lambert employed E. A. Carleton, and Durnen afterwards saw Carleton concerning it. Application was then made to the district court, in behalf of Lambert, for a writ of mandate to compel the county clerk to give the desired access to his office and records. The case finally reached the supreme court, where the application of Lambert was denied, on the ground that his contract with the board was void. (*State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 57 Pac. 1092.) Thereafter Carleton presented his account against Broadwater county, claiming the sum of $255.50 "for legal services and expenses in the conduct of the cases of *Lambert* v. *Coad* and *Coad* v. *Lambert,* which cases were tried in the district court of Broadwater county and the supreme court of the state." During their September, 1899, session, the board allowed Carleton one-half of his claim. From this action David T. Williams and other taxpayers of Broadwater county appealed to the district court, which rendered judgment against appellants, and ordered the board to pay Carleton's bill as theretofore allowed. From such judgment, and an order denying a motion for a new trial, Williams and others appeal to this court.

From the foregoing facts it will be seen that the board of county commissioners of Broadwater county did not employ, or authorize any one to employ, Carleton.

"Each county must have a board of county commissioners consisting of three members." (Political Code, Sec. 4210.) "All meetings of the board must be public, and the books,

records, and accounts must be kept at the office of the clerk, open at all times for public inspection, free of charge." (*Id.* Sec. 4216.) The board must hold four regular sessions each year, at the county seat. (*Id.* Sec. 4220.) "If at any time after the adjournment of a regular meeting the business of the county requires a meeting of the board, a special meeting may be ordered by a majority of the board. The order must be entered of record, and five days' notice thereof must by the clerk be given to each member not joining in the order. The order must specify the business to be transacted, and none other than that specified must be transacted at such special meeting." (*Id.* Sec. 4215.)

This board, having supervision over the official conduct of all county officers, and generally over all county business, is one of considerable dignity and power; and the statutes contemplate that its meetings shall be held and conducted in an orderly and businesslike way. To bind the county by its contracts, it must act as an entity, and within the scope of its authority. Its members may not discharge its important governmental functions by casual sittings on drygoods boxes, or by accidental meetings on the public streets; and its chairman, unless lawfully authorized by the board to do some act, or acts, has no more power than has any other member of the board. The statutes do not vest the power of the county in three commissioners acting individually, but in them as a single board; and the board can act only when legally convened. (*Paola & Fall River Railway Co.* v. *Commissioners,* 16 Kan. 302; 7 Am. & Eng. Ency. Law (2d Ed.), 979.) And its minutes should be kept in such manner as to give true and correct information to all inquiring concerning county affairs.

As shown by its minutes, the first and only action ever taken by the board with reference to Carleton's services was when it ordered a portion of his claim paid.

But, had the contract between Carleton and the board been entered into in a regular manner, yet it was void. The board has power "to direct and control the prosecution and defense

of all suits to which the county is a party." (Political Code, Sec. 4230.) If it has power to employ counsel under this statute, which we do not decide, it has none whatever so to do in a case to which the county is not a party. It must not exceed the authority vested in it by statute. (*State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 57 Pac. 1092; *Lebcher* v. *Board of Commissioners of Custer County,* 9 Mont. 315, 23 Pac. 713.) It is conceded that Broadwater county was not a party to the actions in which Carleton rendered the services in question.

We are therefore of the opinion that the judgment and order should be reversed, and the cause remanded.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded.