### STATE v. W. P. INGRAM.

(Filed 1 December, 1920.)

**1. Intoxicating Liquor—Spirituous Liquor—Unlawful Sale—Evidence.**

Evidence that crowds frequenting defendant's place of business were drinking is competent as corroborative of direct testimony to the sale by defendant of intoxicating liquor there, on the trial under an indictment for the unlawful sale of intoxicating liquors.

**2. Criminal Law—Evidence—Corroboration—Demurrer.**

When, upon demurrer to the State's evidence, the evidence up to that time is insufficient for conviction of the sale of intoxicating liquors, and the defendant puts on his evidence, and thereafter under the State's evidence it becomes sufficient, defendant's demurrer after the close of all the evidence will be overruled.

APPEAL by defendant from *Adams, J.,* at the July Term, 1920, of Richmond.

This is an indictment charging the defendant with the sale of intoxicating liquor.

The defendant was convicted and sentenced to work on the roads of Richmond County for twelve months, and appealed.

There was direct evidence of a sale of intoxicating liquor, as charged in the indictment.

The State was permitted to offer evidence in corroboration tending to prove that crowds assembled in and about the place of the defendant near the time of the sale, and that there was drinking, or evidences of drinking, among those in the crowd. The defendant excepted to this evidence.

There was also a motion for judgment of nonsuit at the conclusion of the State's evidence, which was renewed at the conclusion of all of the evidence, the motion being upon the ground that there was no evidence that the liquor sold by the defendant was intoxicating. The motion was overruled, and the defendant excepted.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Fred W. Bynum and Boggan & McPhail for defendant.*

PER CURIAM. The evidence of drinking in the crowds frequenting the place of business of the defendant was competent in corroboration of the witness Norton, who testified to the sale, and whose testimony was impeached.

In *S. v. Mostella,* 159 N. C., 459, one of the questions asked a witness was, "State the character of the people that usually frequent this poolroom." This was asked to show drunkenness about the premises, and was admitted and affirmed on appeal.

The evidence objected to by the defendant in this case is of the same character.

It is very doubtful if there was any evidence that the liquor sold by the defendant was intoxicating at the close of the State's evidence, but the defendant did not rest his defense on this ground, and introduced evidence in his own behalf.

The State then introduced evidence in reply, which, if believed, showed clearly that three bottles produced in court were those bought by the witness Norton, and that the contents were intoxicating.

The motion for judgment of nonsuit was therefore properly overruled. No error.