WATTERSON, Respondent, *v.* HILL, Appellant.

(No. 6,428.)

(Submitted April 1, 1929.  Decided April 26, 1929.)

[276 Pac. 948.]

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. E. K. Cheadle* and *Mr. W. T. McKeown,* for Respondent, submitted a brief; *Mr. Cheadle* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to recover on a promissory note in the principal sum of $1,542.50, executed and delivered by defendant to plaintiff in January, 1922, and due one year from its date. The complaint sets forth a copy of the note, alleges its ownership by plaintiff, and nonpayment. The answer admits the execution and delivery of the note, and denies the other allegations of the complaint.

By way of affirmative defense the answer alleges, in substance, that before the maturity of the note, it was indorsed by plaintiff in blank and delivered to the First National Bank of Lewistown; that thereafter the bank sold and delivered it to C. E. Porter, who thereafter for a valuable consideration sold and delivered it to the defendant; that defendant has not sold the note; that he and not the plaintiff is the owner thereof; and that defendant, because thereof, has been discharged from all obligation to pay the note.

The reply admits that plaintiff indorsed the note and delivered it to the First National Bank of Lewistown, but alleges that it was delivered to the bank as a pledge to secure the payment of a note executed by plaintiff to the bank in the sum of $350; denies that the bank sold the note to Porter, and alleges that Porter paid the note of plaintiff to the bank and received it and the collateral from the bank; that Porter was acting without authority from plaintiff; that Porter and defendant were acting in collusion, for the purpose of fraudulently securing. possession of the $1,542.50 note; and denies the other allegations of the answer.

The parties waived trial by jury, and the cause was tried to the court. Judgment was rendered for plaintiff, and this appeal followed.

At the time of the trial demand was made by plaintiff upon the defendant to produce the note sued on. The demand was complied with, and the note introduced in evidence. Hereafter this note will be referred to as note A.

Plaintiff testified, in substance, that note A was executed by defendant, and delivered either to plaintiff or to Mr. Sherman in the bank; that it was put up as collateral; that it was unpaid, and that plaintiff was then the owner thereof. There was introduced in evidence the note made by plaintiff to the bank, for which note A was given as security, and which will hereafter be referred to as note B. This note was dated September 30, 1922, and payable 30 days after

date.  Plaintiff testified that he received note B from defendant John Hill about the 1st of April, 1923, through the mail.

The testimony of the defendant, briefly summarized, was as follows: That he bought note A, as well as note B, from Porter; that he paid $350 for them, and received them about the 1st of March, 1923, from Porter; that he sent the one to plaintiff, and held the other; and that he had no arrangement with Porter, whereby Porter was to get the notes for him.

In rebuttal the deposition of T. C. Sherman, vice-president of the bank, was introduced, which showed that note A was deposited with the bank as collateral; that Porter came to the bank and asked whether the collateral would be surrendered if note B was paid; that the witness replied that it would, and Porter paid note B and received the collateral.  Over objection, answers to questions were permitted to be read from the deposition, wherein the witness said, in substance, that he did not consider the transaction a sale of note A; that Porter did not state to him that he was acting for Watterson, but the witness had the impression that he was.

Defendant contends that the court erred in not sustaining his motion for a nonsuit at the close of plaintiff's case, and in entering judgment for plaintiff at the conclusion of all of the evidence.

Contention is made that the proof offered by plaintiff fails to show his ownership of the note sued upon, since he had previously indorsed it to the bank, and that therefore the nonsuit should have been granted.  The defendant did not stand upon the motion for nonsuit, but introduced evidence in support of his answer.  Hence, if the proof introduced by defendant supplies the defects in plaintiff's case, he cannot complain of the court's action in not sustaining the motion for nonsuit.  (*Emery Con. Mining Co.* v. *Erickson*, 64 Mont. 190, 208 Pac. 935; *Pure Oil Co.* v. *Chicago, M. & St. Paul Ry. Co.*, 56 Mont. 266, 185 Pac. 150.)  Likewise, if the evidence properly admitted in rebuttal supplies the omission in plaintiff's case in chief, refusal to grant a nonsuit is harmless

error. (*Roundtree* v. *Mount Hood R. Co.*, 86 Or. 147, 168 Pac. 61; *Jennings* v. *First National Bank*, 13 Colo. 417, 16 Am. St. Rep. 210, 22 Pac. 777; *Hill* v. *Clark*, 7 Cal. App. 609, 95 Pac. 382; *Los Angeles County* v. *Rindge Co.*, 53 Cal. App. 166, 200 Pac. 27; *State* v. *Ingram*, 180 N. C. 672, 105 S. E. 3.)

The question submitted for determination, therefore, is whether, upon all of the evidence in the case, the court was warranted in finding for the plaintiff. In considering this question, we are mindful of the rule, frequently applied by this court, that where the evidence is conflicting the judgment of the lower court, if there is substantial evidence to support it, must be affirmed. This rule has application to an action at law such as this tried by the court without a jury. (*Matthis* v. *Campbell*, 84 Mont. 195, 274 Pac. 501.)

Defendant contends that the transaction between Porter and the bank amounted to a sale of the two notes, and that his subsequent purchase of the notes from Porter discharged his obligation under note A by reason of subdivision 5 of section 8526, Revised Codes of 1921. The plaintiff contends that the transaction between Porter and the bank amounted to the payment or discharge of note B by Porter as a volunteer, rather than a sale of either note.

The evidence in the case bearing upon the real nature of the transaction between Porter and the bank is very meager. Porter did not testify in the case. From the deposition of Mr. Sherman, the vice-president of the bank, it appears that Porter came to the bank and asked whether, if Watterson's note (being note B) was paid, the collateral would be surrendered. Upon being told that it would, the witness said: "Watterson's loan was paid by Porter and the collateral surrendered." Note B was payable to the order of the First National Bank of Lewistown. When it was surrendered to Porter, it does not appear to have been indorsed by the bank or assigned by it to Porter. This evidence was sufficient to warrant the findings, implied

by the court's decision, that neither of the notes was sold to Porter, and that the transaction between Porter and the bank amounted to a voluntary payment by Porter of the Watterson note (note B), and operated as a discharge of the obligation of Watterson under note B, so far as the bank was concerned.

The principle is well established that, when one person pays the debt of another with a full knowledge of all the facts, and without fraud, duress or extortion, the payment is voluntary (30 Cyc. 1298; *Anderson* v. *McClenathan*, 62 Mont. 387, 205 Pac. 230; *Anaconda Copper Min. Co.* v. *Ravalli County*, 52 Mont. 422, 158 Pac. 682), and the obligation is discharged (*Penwell* v. *Flickinger*, 46 Mont. 526, 129 Pac. 323; *Wallingford* v. *Alcorn*, 75 Okl. 295, 183 Pac. 726; *Bradley & Metcalf Co.* v. *McLaughlin*, 87 Okl. 34, 208 Pac. 1032; *Schlaefer* v. *Hieberger*, 51 Hun, 644, 4 N. Y. Supp. 74).

It follows that, when Watterson's obligation under note B was discharged, he became entitled to the possession of the collateral, and entitled to maintain an action to recover thereon. (*National Bank of New York* v. *American Brewing Co.*, 79 Mont. 542, 257 Pac. 436; *Averill Machinery Co.* v. *Bain*, 50 Mont. 512, 148 Pac. 334.)

Defendant contends that, if plaintiff is entitled to judgment, it should be modified, so as to allow as a credit the amount which plaintiff owed the bank, and which was paid by Porter, and which defendant later paid to Porter.

The court properly refused to allow the credit for two reasons:

First. This question was not presented by the pleadings. Defendant contends that since evidence of the payment of note B was introduced without objection, the pleadings will be deemed amended to conform to the proof. That rule can have no application here, for the reason that Porter took both notes after maturity, and hence, even though Hill purchased note B, he took it subject to any defense that may have existed in favor of plaintiff and against the bank. No issue being presented in the pleadings in this case regarding plaintiff's liabil-

ity on note B, he was afforded no opportunity to present a defense, if any, on the note.

Second. As before stated, the court was warranted under the evidence here presented in finding that Porter was a volunteer in the payment of note B. Harsh as the rule may seem, one who voluntarily pays the debt of another, without the latter's request or promise to repay, cannot compel reimbursement. (20 Cal. Jur. 907; *McGlew* v. *McDade,* 146 Cal. 553, 80 Pac. 695; *Stanley* v. *Westover* (Cal. App.), 269 Pac. 468.)

In consequence, since both notes were overdue when Porter secured them from the bank, the defendant Hill, who acquired them from Porter, took no greater rights than Porter had. And since, under the evidence, the court was justified in finding that the payment made by Porter to the bank was voluntary, the defendant Hill is not entitled to credit for the amount paid by him to Porter, or by Porter to the bank.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.