NEPSTAD, RESPONDENT, v. EAST CHICAGO OIL ASSO-CIATION, INC., ET AL., APPELLANTS.

(No. 6,871.)

(Submitted January 13, 1932. Decided February 4, 1932.)

[9 Pac. (2d) 1074.]

Mr. T. H. MacDonald, for Appellants, submitted a brief and argued the cause orally.

*Mr. E. K. Cheadle, Jr.,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action arose out of the following facts: On April 26, 1928, defendant East Chicago Oil Association, hereinafter called the association, made an agreement with Marion W. Edwards, whereby Edwards was to drill an oil-well on certain described lands held by the association under lease from T. R. Reinke, and to receive therefor from the association $2,000 cash and $6,000 from the gas produced, at the rate of two and one-half cents per thousand cubic feet. Thereafter Edwards assigned his rights under the agreement to plaintiff, who thereby became entitled to receive these payments, none of which have been made. Defendant Northern Natural Gas Development Company has been purchasing natural gas produced from the lands in question and has credited the association with proceeds of the purchase price, the exact amount of which is alleged to be unknown to plaintiff. It appears that a separate action was brought by Nepstad against the association to recover judgment for the $2,000 cash due under the agreement. This action was to enforce specific performance of the contract as relating to the $6,000 to be paid from the proceeds of the sale of gas.

At the trial of the action the following stipulation was entered into:

"It is hereby stipulated by and between counsel for the respective party to the above-entitled action, that the record and transcript in the case of J. M. Kennedy and Robert Spear, as Trustees, Plaintiffs, v. E. W. Conrad, Ruth M. Edwards, and Marion W. Edwards, Defendants in the above-entitled court, Number 3716, [the same being action No. 6870 in this court, decision in which is handed down this day (ante, p. 356, 9 Pac. (2d) 1075)] shall be and the same is considered as the record and transcript in this action, and the same is hereby submitted to the above-entitled court to be used in the

determination of this action, and this action is hereby submitted to said court for its determination upon said record and transcript.

"It is further stipulated that in the action of O. A. Nepstad, Plaintiff, v. East Chicago Oil Association, Inc., a Corporation, Defendant, Number 3836, in the above-entitled court, the plaintiff therein may take judgment against the defendant in the sum of Two Thousand and no/100 ($2,000.00) Dollars, it being agreed that said defendant shall be entitled to repayment of said amount of Two Thousand and no/100 ($2,000.00) Dollars, out of the money impounded by the Northern Natural Gas Development Company and attached herein from the sale of gas owned by the defendant in addition to which the defendant shall be entitled to re-payment of the sum of Four Hundred and no/100 ($400.00) Dollars, representing the proceeds of gas purchased by M. W. Edwards, from what is known as the Hunter well.

"That the pleadings in the above-entitled action shall be deemed to be amended to conform with the proof herein and no objection shall be made to the form or substance of any of said pleadings.

"In the event that judgment shall be rendered in favor of the defendant herein, and judgment shall be rendered against the defendant M. W. Edwards, in the action first hereinabove mentioned, it is agreed that the East Chicago Oil Association, Inc., a corporation, shall be paid out of the proceeds of gas sold by the defendant to Northern Natural Gas Development Company from the Reinke well and that thereafter the difference between the amount of said judgment and the amount of Six Thousand and no/100 ($6,000.00) Dollars, shall be paid out of the said proceeds in accordance with the terms of that certain contract entered into on April 26th, 1928, between East Chicago Oil Association, Inc., party of the first part, and Marion W. Edwards, party of the second part, such payment to be made to the plaintiffs herein, the assignee of said contract.

"Each party shall pay his own costs of suit.

"Dated at Shelby, Montana, this 8th day of April, A. D. 1930.

"E. K. CHEADLE,
"Attorney for Plaintiff.
"T. H. MacDONALD,
"Attorney for Defendant.

"Filed Apr. 8-1930."

The court found for plaintiff and entered judgment for the specific performance of the contract by the payment of $6,000 of the proceeds from the sale of gas at the rate of two and one-half cents per thousand cubic feet.

The appeal does not question the propriety of the judgment in view of the trial court's determination in the companion case No. 6,870, entitled *Kennedy and Spear, Trustees,* v. *Edwards et al.,* but it is contended by the association that, in the event that this court should reverse the judgment in case No. 6,870, it is entitled to set off, against the claim of plaintiff in this action, the money due to it from Edwards as a result of the judgment in case No. 6,870.

Plaintiff contends that the appeal should be dismissed, for the reason that no bill of exceptions was settled and allowed in this case as required by law. On the assumption that a bill of exceptions is necessary, its absence from the record would furnish no ground for dismissing the appeal, since an appeal may be based upon the judgment-roll alone. If we eliminate from consideration all reference to the testimony in case No. 6,870, we still have in the record on this appeal the stipulation concerning the character of judgment that may be entered in this action. The stipulation provides, in substance, that, if the association obtains a judgment against Edwards in case No. 6,870, the association shall first be paid from the proceeds of gas, the amount found due it from Edwards, and that the difference between the amount of its judgment and $6,000 shall thereafter go to plaintiff from the proceeds from the sale of gas. In legal effect, the stipulation simply provides that the judgment in this action shall allow the association, as an offset or counterclaim, under section 9139,

370

Revised Codes of 1921, the amount of any judgment obtained by it against Edwards in case No. 6,870.

Since we have found that the association is entitled to judgment against Edwards in case No. 6,870, it follows that the proper judgment to be entered here is one that will conform to the stipulation of the parties, i. e., one that will permit the judgment in case No. 6,870 to be first paid out of production in accordance with the agreement between the association and Edwards, and thereafter the difference between the judgment in case No. 6,870 and the $6,000 coming from the proceeds of gas in accordance with that agreement shall go to plaintiff.

The cause is remanded to the district court, with direction to modify the judgment in accordance with the views herein stated. Defendant East Chicago Oil Association will recover its costs on this appeal.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.