PRIMMER, RESPONDENT, *v.* CARTER COUNTY, APPELLANT.

(No. 7,035.)

(Submitted April 7, 1933. Decided April 21, 1933.)

[21 Pac. (2d) 57.]

Cause submitted on briefs of Counsel.

*Mr. F. N. Hamman,* for Appellant.

*Mr. Leon L. Wheeler,* for Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, Ed. Primmer, brought action against Carter county on a claim assigned to him by A. D. Bruner for labor performed by the latter in repairing county road machinery. The claim was for $139.20 and had been rejected on presentation.

The county interposed a general denial and a special defense to the effect that the work done was performed under contract as rental on a building leased to Bruner. The contract mentioned is a lease, entered into between the parties in March, 1930, whereby Bruner, a blacksmith and automobile mechanic, agreed to keep county machinery in repair during the year in return for the use of the county garage for "the sole purpose" of "operating and conducting a general repair and blacksmith shop therein." The contract provides that the county is to furnish all repair material and blacksmith coal for work done on its machinery, and closes with the provision that "it is agreed that time is of the essence of this agreement, and that when the time herein mentioned, to-wit, the first day of January, 1931, arrives, this agreement shall be terminated without notice of any kind or nature."

It is conceded that the labor for which Bruner claimed compensation was performed after the contract expired by its expressed terms, but it is contended that Bruner continued to use the garage and both parties treated the lease as continued in force. Some evidence was adduced to the effect that Bruner did some repair and blacksmithing work in the building during the first half of 1931; that he kept a key to the door and, for a short time at least, continued to occupy living

quarters therein. Bruner, however, testified that he did not, at any time after the first of the year, operate or conduct his former business in the garage, although on one occasion, while operating the county caterpillar under regular employment, he sharpened four plowshares for a tenant of one of the county commissioners after 6 o'clock at night; that, while in the employ of the county, he kept the key for the purpose of housing county machinery in the garage and slept therein for the protection of the machinery in his custody. He further testified that he did the work for which the claim was presented, on instruction of the chairman of the board, while not in the employ of the county, and paid for the coal used himself.

The case was tried to the court, without a jury, and resulted in judgment for the plaintiff, from which judgment the county has appealed.

The record presents, at most, a conflict in the evidence, and ▇ that on behalf of the plaintiff is sufficient to sustain the judgment; the implied findings of the court cannot, therefore, be disturbed. (*Kennedy* v. *Conrad*, 91 Mont. 356, 9 Pac. (2d) 1075.)

On the trial no question was raised as to the authority of the chairman of the board of county commissioners to direct Bruner to make the repairs made, but it is here contended that the plaintiff did not show that Bruner was employed by resolution of the board of commissioners in regular session assembled, and therefore he had no valid claim to assign to the plaintiff, citing *Williams* v. *Board of County Commrs.*, 28 Mont. 360, 72 Pac. 755, and certain other decisions having little application. On this phase of the case Bruner testified that he was directed to make the repairs by E. C. Perso. Perso ▇ was chairman of the board of county commissioners; testifying on behalf of the defendant, he stated, "I remember that I had a conversation with Pat Bruner relative to some work as represented by" the claim sued upon. "Well, we ordered him to overhaul and repair this machinery." By the use of the pronoun "we" the witness certainly intended to

refer to the full board, and, in the absence of any objection to the claim on the ground that the work was not authorized by the board, the proof was sufficient.

The only reason for the rejection of the claim was the alleged continuation, by tacit agreement, of the contract of 1930, and this was the theory of nonliability urged in the trial court. A dissatisfied litigant is not permitted, on appeal, to depart from the theory on which the case was tried and seek a reversal of a judgment, sound on the record made, by presenting here a question (other than one of jurisdiction) on which the trial court has had no opportunity to rule. (*Williard* v. *Campbell,* 91 Mont. 493, 11 Pac. (2d) 782; *Federal Surety Co.* v. *Basin Construction Co.,* 91 Mont. 114, 5 Pac. (2d) 775; *O'Hanlon* v. *Ruby Gulch Min. Co.,* 64 Mont. 318, 209 Pac. 1062; *In re Eakins' Estate,* 64 Mont. 84, 208 Pac. 956.)

Judgment affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.