THE STATE v. EDWARD SORRELL.

*Indictment—Election of Counts—Evidence—Burden of Proof.*

1. If, upon the trial of an indictment containing more than one count, the Soliciter elects to try upon one count only, it is equivalent to a verdict of not guilty as to the other counts.

2. After the prosecution has produced evidence showing a sale of liquors, the burden is upon the defendant to show a license, if he have one, as well as all other matters of defence.

(*State* v. *Taylor*, 84 N. C., 773; *State* v. *King*, Ibid., 737; *State* v. *McNeill*, 93 N. C., 552; *State* v. *Thompson*, 95 N. C., 596, and *State* v. *Chambers*, 93 N. C., 600, cited).

INDICTMENT for liquor selling, tried before *Shepherd, Judge,* at March Term, 1887, of WAKE Superior Court.

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. John Gatling,* for the defendant.

MERRIMON, J.   The indictment contained three distinct counts.   The Solicitor for the State elected, at the close of

the evidence on the trial, to rely upon only the third count, for retailing spirituous liquors by a measure less than one quart, and upon this count there was a verdict of guilty, the jury saying nothing as to the first and second counts; and as to each of these the Solicitor, after verdict and before judgment, entered a *nolle prosequi*.

This latter entry had no legal effect—it was void.   The election to try upon the third count, at the stage of the trial mentioned, was equivalent to a verdict of not guilty as to the other two.   This was the legal effect, and hence it was not necessary—indeed, not proper—to grant the motion of the defendant to enter a verdict of not guilty as to these. There was no such verdict rendered, and entries should be made only according to the fact of any matter to be entered of record.   State v. *Taylor*, 84 N. C., 773; State v. *King*, Ibid., 737; State v. *McNeill*, 93 N. C., 552; State v. *Thompson*, 95 N. C., 596.

It is too well settled to require argument, or the citation of authority, that after the prosecution has produced evidence on the trial to prove the sale of spirituous liquors as charged in the indictment, the burden rests on the defendant to produce in evidence in his defence a license to retail such liquors, if he have one.   It was not necessary for the prosecution to show that he had no such license.   *Stare decicis.*

The defendant also moved in arrest of judgment, assigning as ground that the indictment charged no criminal offence, and suggesting that under the statute (*The Code*, §§3112–3117,) the sale of spirituous liquors within the city of Raleigh was forbidden, and, therefore, the offence charged could not be committed there.

It is sufficient to say that the offence is not charged to have been committed in the city named, but in the county of Wake.   If this were not conclusive, we cannot take judicial notice that the steps have been taken and things done under the statute cited, so as to render it unlawful to sell

such liquors within that city, and it does not appear from the record that the fact is so.  *State* v. *Chambers*, 93 N. C., 600.  The defendant should have raised the question he thus seeks to present in the course of the trial.

There is no error.  Let this opinion be certified to the Superior Court, according to law.

Affirmed.