J. S. CLAYPOOLE, TRUSTEE OF THE ESTATE OF WILLIS GROCERY COMPANY v. W. A. McINTOSH ET AL.

(Filed 5 October, 1921.)

1. **Corporations—Subscriptions—Unpaid Balance—Statutes.**

　　Stockholders of an insolvent corporation are liable *pro rata* for their unpaid subscriptions to an amount necessary to liquidate the corporate debts. C. S., 1160.

2. **Corporations—Directors—Unlawfully Declaring Dividends—Statutes.**

　　A director of a corporation who has not brought himself within the provisions of C. S., 1179, exonerating him from liability for the payment of dividends to the stockholders when the profits of the business did not justify it, or its debts exceeded two-thirds of its assets, etc., is liable, in the action of the trustee in bankruptcy of such corporation, for the amount of such debts, and the proper court costs and charges, not exceeding the amount of the dividends unlawfully declared.

**3. Courts—Costs—Bankruptcy—Instructions—Trials.**

It appearing in this case that the trustee in bankruptcy had a certain amount of money available to creditors, subject to costs and fees in the bankrupt court: *Held*, there was sufficient evidence to justify the court in instructing the jury to deduct a certain allowance from the amount in the trustee's hands and credit the amount of indebtedness with the difference, leaving the balance due as the costs chargeable to the defendants in the bankrupt court.

**4. Appeal and Error—Presumptions.**

On appeal to the Supreme Court the presumption is against error, and in this case it is *held*, the appellee's objection is not sufficiently supported to justify the court in disturbing the results of the trial.

APPEAL by defendants from *Devin, J.,* at the February Term, 1921, of CRAVEN.

The action is instituted by plaintiff, trustee in bankruptcy of Willis Grocery Company, an insolvent corporation, the same being by order of bankruptcy court to collect assets to pay creditors from stockholders on their unpaid subscriptions under C. S., 1160, and against defendants, directors and officers in control of said corporation and its affairs, by reason of dividends paid out to themselves contrary to law as contained in section 1179, etc. On denial of liability, the jury rendered the following verdict:

"1. What amount of stock in the Willis Grocery was held by the defendants McKeel, McIntosh, and Weeks at the time the said company became insolvent? Answer: 'McKeel, $2,000; McIntosh, $2,000; Weeks, $1,000.'

"2. What amount, if any, is due by each of said defendants on the stock held by them? Answer: '$2,000; Weeks, $1,000.'

"3. Were the defendants officers of the Willis Grocery Company? Answer: 'Yes.'

"4. Did the defendants pay out of the funds of said Willis Grocery Company dividends when debts of said company were more than two-thirds of its assets, and if so, in what amount? Answer: '$6,644.'

"5. Did the defendants pay to or for themselves any part of the capital stock of Willis Grocery Company, and if so, in what amount? Answer: '$5,308.'

"6. What amount will be refunded to pay the debts of Willis Grocery Company, over and above the assets of the bankrupt estate of the Willis Grocery Company? Answer: '$3,234.' "

Judgment on verdict for plaintiffs for $3,234, amount required to pay the corporate debts, and defendants excepted and appealed.

*H. P. Whitehurst and R. A. Nunn for plaintiff.*
*Whitehurst & Barden and Ward & Ward for defendants.*

HOKE, J.   Both under general principles of corporate law, appertaining to the subject, and with us by express enactment, stockholders of an insolvent corporation are liable pro rata for their unpaid subscriptions to an amount necessary to liquidate the corporate debts.   *Whitlock v. Alexander,* 160 N. C., 465; *McIver v. Hardware Co.,* 144 N. C., 478; C. S., ch. 22, sec. 1160.   In the same statute, sec. 1179, it is also provided as follows:

"No corporation may declare and pay dividends except from the surplus or net profits arising from its business, or when its debts, whether due or not, exceed two-thirds of its assets, nor may it reduce, divide, withdraw, or in any way pay to any stockholder any part of its capital stock except according to this chapter.   In case of a violation of any provision of this section, the directors under whose administration the same occurs are jointly and severally liable, at any time within six years after paying such dividend, to the corporation and its creditors, in the event of its dissolution or insolvency, to the full amount of the dividend paid, or capital stock reduced, divided, withdrawn, or paid out, with interest on the same from the time such liability accrued.   Any director who was absent when the violation occurred, or who dissented from the act or resolution by which it was effected, may exonerate himself from such liability by causing his dissent to be entered at large on the minutes of the directors at the time the action was taken or immediately after he has had notice of it."

The verdict of the jury on the fourth issue brings case of defendants directly within the provisions of this section 1179, to an amount more than sufficient to pay the corporate debts, and the judgment for the amount of such debts and proper costs and charges has been properly entered against them.

The only objection to the judgment insisted upon in the argument before us was to the allowance of $500 for costs and expenses of the bankruptcy court.   It appeared that plaintiff as trustee in bankruptcy had on hand from other sources $636 available to creditors subject to costs and fees of the bankruptcy proceedings, and the court merely instructed the jury that they should deduct the amount of $500 for such costs from this $636 and credit the amount of indebtedness with the difference which would leave the balance due from defendants the amount found by the jury in response to the sixth issue.   This was clearly permissible, and the objection made was not to the allowance of the fees, but that the evidence on the subject is not as full and satisfactory as could be desired.   We think the testimony of the trustee made without objection on the cross-examination is sufficient to uphold the amount allowed.

The presumption is against error, *Bernhardt v. Dutton,* 146 N. C., 206-209, and we are of opinion that the objection is not sufficiently supported to justify. the Court in disturbing the results of the trial. Judgment affirmed.

. No error.