STATE v. TOM JOHNSON, ALIAS JOHNNY JOHNSON, PRESTON
HOWARD, AND JOHNNY HART.

(Filed 31 October, 1934.)

1. **Criminal Law I g—Charge in this case held not to contain expression of opinion by court inhibited by C. S., 564.**

In this prosecution for murder all the evidence tended to show that deceased was killed in the perpetration of a robbery. The trial court instructed the jury "all the evidence tends to show a homicide committed in the perpetration of a robbery," and that the State has offered evidence "which, it contends, tends to show, and which should satisfy you, gentlemen, beyond a reasonable doubt," etc.: *Held,* the charge will not be held for error on defendant's exception on the ground that it contained an expression of opinion by the court in violation of C. S., 564.

2. **Same—**

Error of the court in stating the evidence or in stating the contentions of a party must be brought to the court's attention in apt time to afford correction or an exception based thereon is unavailing upon appeal.

APPEAL by defendants from *Frizzelle, J.,* at February Term, 1934, of SAMPSON.

Criminal prosecution, tried upon indictment charging the defendants with the murder of one Howard Jernigan.

The following statement of the case is taken from defendant's brief:

"The four defendants, Tom Johnson, alias Johnny Johnson, Preston Howard, Johnny Hart and Eugene Hines, were tried upon a bill of indictment charging them with murder in the first degree in connection with the killing of Howard Jernigan, Sampson County filling station operator. At the conclusion of all of the evidence, the defendant Eugene Hines, through his counsel, tendered a plea of guilty of accessory before and after the fact, which plea was accepted by the State, and this defendant was sentenced to life imprisonment in the State's Prison. A verdict of guilty of murder in the first degree was returned against the other three defendants, Tom Johnson, alias Johnny Johnson, Preston Howard, and Johnny Hart, each of whom appealed from the judgment and sentence of death.

"At about 9:30 o'clock on the night of 21 December, 1933, the automobile in which the four defendants were riding stopped at the filling station operated by the deceased, Howard Jernigan, who was present at that time with two colored men, Odell McNeal and Raymond Snuggs. The evidence of the State tends to show that just as soon as the operator of the station finished servicing the defendant's automobile with gas and oil, he was shot and killed by one of the defendants; that thereafter the defendants robbed and pillaged the filling station, held up the two colored men who were there, and also the brother of the deceased, who came up in the meantime, and made their get-away, later being apprehended in South Carolina and Florida.

"Much of the State's evidence tends to show that the deceased was killed by one of the defendants in the perpetration of a robbery, in which the other defendants (all of whom were present) either conspired or aided and abetted. The court, being of the opinion that no reasonable inference of a lower degree of unlawful homicide could be drawn from the evidence, charged the jury only as to murder in the first degree."

The only assignments of error relate to alleged expressions of opinion by the court in charging the jury.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. D. Johnson, Jr., for defendant Johnson.*

*A. B. Crumpler for defendant Howard.*

*H. P. Johnson for defendant Hart.*

STACY, C. J. Two expressions used by the court in charging the jury are characterized by the defendants as violative of C. S., 564. They are: (1) "All the evidence tends to show a homicide committed in the perpetration of a robbery"; and (2) the State has offered evidence "which it contends tends to show, and which should satisfy you, gentle-

men, beyond a reasonable doubt," etc. It would be "sticking in the bark" to say that these expressions were hurtful to the defendants, or that they contravened the provisions of the statute. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345.

Furthermore, an erroneous statement of the evidence (*S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601), or of the contentions of the parties (*S. v. Bittings,* 206 N. C., 798), if deemed material, should be called to the attention of the court, at some appropriate time before the case is given to the jury, so that he may have an opportunity to correct it. *S. v. Lea,* 203 N. C., 13, 164 S. E., 737. Otherwise, an exception based thereon is unavailing on appeal. No such complaint was made in the instant case until after verdict.

The record is free from reversible error; hence the verdict and judgments must be upheld.

No error.