STATE v. MRS. R. D. HERNDON.

(Filed 6 January, 1937.)

**1. Criminal Law § 35—**

Where the State establishes a *prima facie* conspiracy to which defendant was a party, testimony of an alleged conspirator as to a conversation between him and another conspirator in the absence of defendant, is competent.

**2. Criminal Law § 53e—**

Exceptions to the statement of the contentions of the State must be taken in time to afford the trial court opportunity for correction.

**3. Criminal Law § 53d—**

An exception to the failure of the court to charge more fully on the weight to be given the testimony of a coconspirator will not be sustained in the absence of a special request for instructions.

**4. Criminal Law § 81a—**

The verdict of the jury on conflicting evidence is conclusive in the absence of error of law or legal inference in the trial.

APPEAL by the defendant from *Frizzelle, J.,* at May Term, 1936, of DURHAM. No error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Walter D. Siler, R. M. Gantt, and James R. Patton, Jr., for defendant, appellant.*

PER CURIAM. This is an appeal from concurrent judgments of imprisonment passed upon conviction on two counts in a bill of indictment charging conspiracy to commit an assault with firearms and with an assault with firearms.

There are exceptions to the admission of testimony of an alleged conspirator as to conversations had between him and another conspirator, and particularly as to what the latter said in the absence of the defend-

ant. Prior to the admission of this testimony the State had offered competent evidence establishing *prima facie* the conspiracy to which the defendant was a party, and under these circumstances the ruling of the court was correct. *S. v. Beal,* 199 N. C., 278. Where a person enters into an agreement to do an unlawful act, he thereby places his safety and security in the hands of every member of the conspiracy, as the acts and declarations of each conspirator, done or uttered in furtherance of the common design, are admissible in evidence against all. *S. v. Anderson,* 208 N. C., 771.

There are exceptions to the charge, most of which relate to the contentions of the State as given by the court. These came too late when taken for the first time after verdict. In order to have these exceptions considered, it was necessary for the defendant to have called to the attention of the court the contentions she asserts were erroneous at the time they were given to afford the court an opportunity to correct them. *S. v. Johnson,* 193 N. C., 701.

There are exceptions to the failure of the court to charge more fully upon the weight to be given to the testimony of conspirators. If the defendant desired more particular and detailed instructions relative to this subject, it was her duty to have requested special instructions. *S. v. O'Neal,* 187 N. C., 22; *S. v. Anderson, supra.*

Notwithstanding no authorities are cited to support them, or any of them, in view of the gravity of the question involved on this appeal, we have carefully examined the twenty-seven assignments of error in the record and find in them no error prejudicial to the defendant. The case resolved itself into pure questions of fact. If the jury believed the evidence of the State, it was impelled to convict the defendant; if, on the contrary, it believed the evidence of the defendant, or doubted the truth of the State's evidence, it should have acquitted the defendant. The jury has returned a verdict of guilty on both counts in a trial in which we find no error of law or legal inference, and, therefore, we cannot interfere with the judgment, which is supported by the verdict.

No error.