### STATE v. JULIUS BUCHANAN.

(Filed 16 June, 1939.)

**1. Criminal Law § 50—**

A statement by the court during the cross-examination of defendant that defendant "swore both ways" in regard to the matter under inquiry, *is held* prejudicial error, the effect of the observation being to disparage or discredit defendant's testimony in the eyes of the jury.

**2. Criminal Law §§ 41d, 53e—**

A charge that a person of good character is more apt to tell the truth than a person of bad character *is held* erroneous, the credibility of a witness being a matter for the jury.

**3. Criminal Law § 52a—**

The competency of a witness is a question of law for the determination of the court; the credibility of a witness is a matter of fact for the determination of the jury.

**4. Criminal Law § 81d—**

Where a new trial was awarded upon certain exceptions, other exceptions relating to matters not likely to arise on the subsequent hearing need not be considered.

APPEAL by defendant from *Clement, J.,* at January Term, 1939, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant with the murder of Gladys Buchanan, his wife.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*John D. Slawter and Richmond Rucker for defendant.*

STACY, C. J. The record discloses that on 3 December, 1938, the defendant slew his wife under circumstances which the jury has found to be murder in the first degree. The story is one of domestic infelicity which began with slight bickerings, followed by more serious quarrels, and finally culminated in a fight with the deceased wielding a hammer and the defendant a hatchet. The result was fatal to the wife, and the husband's conduct is here the subject of investigation.

On the trial the defendant was asked by the solicitor if the money found by the officers when he was arrested came from the sale of liquor. He answered in the negative. The solicitor then inquired: "You were

not working. Where did you get it?" Counsel for defendant objected, with the remark, "He did not say he was not engaged." Whereupon the court stated in the presence of the jury: "He swore both ways." To this the defendant noted an exception. The exception is well taken. *S. v. Rogers,* 173 N. C., 755, 91 S. E., 854. The effect of the observation was to disparage or to discredit the defendant's testimony in the eyes of the jury. *S. v. Bryant,* 189 N. C., 112, 126 S. E., 107; *Morris v. Kramer,* 182 N. C., 87, 108 S. E., 381. The remark, which, of course, was an inadvertence, is just one of those slips, or casualties, which, now and then, befalls the most circumspect in the trial of causes on the circuit. *S. v. Stiwinter,* 211 N. C., 278, 189 S. E., 868; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417.

Again, the following excerpt taken from the charge, forms the basis of one of defendant's exceptive assignments of error: "A person who has a good character is not as apt to commit the offense as a person of bad character, and a person of good character is more apt to tell the truth about the matter than a person of bad character."

It is not perceived wherein this instruction differs in principle from the one held for error in the recent case of *S. v. Alverson,* 214 N. C., 685. The ruling in *Alverson's case, supra,* is controlling here.

The jury may be disposed to accept the testimony of a witness of good character rather than that which is adduced by one of bad character, but the law as such does not prefer the one over the other. Both are equally competent to testify. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. The competency of a witness is for the court; his credibility for the jury. Competency and credibility are not the same; the one involves a question of law; the other a matter of fact. A person may be a competent witness and yet not a credible one. The law declares his competency, but it cannot make him credible. "The credibility of a witness is a matter peculiarly for the jury, and depends not only upon his desire to tell the truth, but also, and sometimes even to a greater extent, upon his insensible bias, his intelligence, his means of knowledge and powers of observation." *Cogdell v. R. R.,* 129 N. C., 398, 40 S. E., 202.

There are other exceptions appearing on the record worthy of consideration, but as they are not likely to occur on another hearing, we shall not consider them now.

For the errors as indicated, the defendant is entitled to a new trial. It is so ordered.

New trial.