STATE v. L. R. WELLS.

(Filed 26 March, 1941.)

**Conspiracy § 5—Competency of declarations of coconspirator.**

> When a *prima facie* case of conspiracy has been established, declarations of a conspirator made before the termination of the conspiracy, in the absence of the coconspirators, is competent against the coconspirators only if the declarations are in furtherance of the common design and within the *res gestæ*, and declarations of one conspirator which are merely narrative of what another conspirator had done or, by inference, would do, are incompetent as to the third conspirator, and the admission of such declarations in evidence entitles him to a new trial.

APPEAL by defendant from *Bobbitt, J.,* at August Term, 1940, of POLK. New trial.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State, appellee.*

*J. E. Shipman and Pearsall & Barnhill for defendant, appellant.*

SEAWELL, J. The appealing defendant, with others—Arthur Suber, Hattie Smith, and Cleveland Rice—was indicted for conspiring to burn

the Tryon Colored Public School Building, and the defendant separately was indicted for procuring Arthur Suber, Hattie Smith and Cleveland Rice "to set fire to and burn" said building.

It does not appear anywhere in the record that these indictments were consolidated—C. S., 4622—but they were tried together without objection or exception by this defendant.

Without going into the evidence in detail, it may serve the purpose of our present investigation to concede that the evidence was sufficient to go to the jury upon either or both of the indictments.

During the course of the trial, the appealing defendant objected to the admission of certain testimony which, in its setting, is as follows:

"Before they reached Tryon, they stopped at a lumber yard and told a man to come get the car in about thirty minutes. We got to Suber's house about 5:30 or 6 o'clock. Sometime after supper Suber asked the biggest girl if there was any kerosene, and she said no, and he said I guess I will have to go and get some. Just as he went out of the house and down the road fifteen or twenty feet a car pulled out to the side of the road and stopped. I don't know who it was, but they talked there fifteen or twenty minutes. The car pulled off and went around the hill, and Suber kept on down the street. In a few minutes Suber came and set the kerosene in the house. The car came back and pulled on the right hand side above the house. Suber went out and talked to the fellow. I did not hear anything that the man in the car said. Suber came back and said: ('That was the professor. Well, I have everything fixed. I have got everything going nicely; everything will work out lovely. Professor has gone to see about getting the key from the janitor.')"

The objection is made to that part of the evidence included within the parentheses, occurring in the testimony of Cleveland Rice.

Upon this indictment for conspiracy it may be conceded that the State had made out a *prima facie* case by evidence other than that objected to, which was, of course, incompetent to connect the appealing defendant with the crime. *Kuhn v. United States,* 26 F. (2d), 463. It was offered and admitted under the rule that once a *prima facie* case has been established the acts and declarations of any one of the conspirators in the furtherance of the common design may be used in evidence against any of the others. *S. v. Dale,* 218 N. C., 625; *S. v. Lea,* 203 N. C., 13, 27, 164 S. E., 737; *S. v. Jackson,* 82 N. C., 565. The limitation to acts and declarations in furtherance of the common design necessarily excludes evidence of acts or declarations made after the accomplishment or abandonment of the common enterprise which were not within the *res gestæ.* But even within this period there are certain restrictions, sometimes referred to as exceptions, which narrow the scope of the evidence which

may be admitted, since the acts and declarations of the conspirator made the subject of the evidence must necessarily relate to acts or declarations of a similar nature on the part of the coconspirator sought to be bound, when not made in his presence.

Elliott on Evidence, 4th Volume, p. 206, section 2943: "The rule as to the admission of acts and declarations of a coconspirator must not be misunderstood, and must not be extended beyond its legitimate limits. The authorities go to the proposition that the acts or statements competent to be proved must have been done or made in the prosecution of the criminal conspiracy, or in the furtherance of the object or common design of the conspiracy. So it has been held that the admissibility of the acts and declarations of a conspirator are proper only when they are either in themselves acts or accompany and explain acts for which the others are responsible; but that they are not admissible when in the nature of narratives, descriptions, or subsequent confessions." This we conceive to apply as a limitation upon the admission of evidence where the acts or declarations are made pending the conspiracy, and not to refer to the well understood rule that declarations of a narrative nature are not admissible as against the coconspirator after the termination of the conspiracy.

As sustaining the limitation thus set upon the admission of this kind of testimony, we find in *Spies and others v. People,* 122 Ill., 1, 12 N. E., 865, 980 (the *Haymarket* or *Anarchists' Case*): "It is undoubtedly the law that, after a conspiracy is established, only those declarations of each member *which are in furtherance of the common design* can be introduced in evidence *against the other members. Declarations that are merely narrative as to what has been done or will be done are incompetent, and should not be admitted except as against the defendant making them, or in whose presence they are made."

We see in the testimony of Rice nothing more than a second-hand statement of the defendant Suber, constituting a narrative statement as to what this defendant had gone to do, or, by inference would do. However wide the practice has been, and must necessarily be, in making out a full picture of the conspiracy, we cannot accept this as within the rule. In this respect there was error and the defendant is entitled to a

New trial.