STATE v. MARVIN LEE JOHNSON, ALIAS HARRISON.

(Filed 31 May, 1941.)

**1. Criminal Law § 53e—**

Slight inaccuracies in the charge in stating portions of the evidence will not be held for reversible error when not called to the court's attention in apt time and when the charge construed as a whole is not prejudicial.

**2. Criminal Law § 53h—**

The charge will be construed contextually as a whole.

**3. Criminal Law §§ 53e, 53g—**

A charge that the State contended that the prosecutrix was corroborated in every detail by a witness put on the stand by defendant who vouched for the witness' veracity cannot be held for error as an expression of opinion by the court, C. S., 564, it being incumbent upon defendant if he thought the statement of the contention erroneous or misleading to have called the matter to the court's attention in apt time.

APPEAL by defendant from *Phillips, J.,* at January Special Term, 1941, of GUILFORD.

Criminal prosecution tried upon indictment charging the defendant with rape.

The prosecutrix, Della Black, and the defendant are both members of the Negro race. They live in High Point. The prosecutrix is twenty-four years of age; the defendant twenty-eight.

The State's evidence tends to show that on the night of 15 November, 1940, the prosecutrix got dinner at a cafe in High Point about a block and a half from where she lives. While in the cafe she saw the defendant, whom she knew by sight but not by name. She left for her home around eleven o'clock and as she approached her house she saw the defendant standing near the doorsteps. He seized her, struck her in the face, held his hand over her mouth, twisted her arm behind her back, threatened to kill her, carried her to a briar patch some distance away and ravished her, and then assisted her home.

The evidence offered by the defendant tends to show that Della Black left the cafe before the defendant in company with another man; that she was later found by the defendant lying by the path in an unconscious condition, with her face battered and bruised; that he helped her to her home, and that she was not assaulted by the defendant.

There was evidence in corroboration of the State's case and of the good character of the prosecutrix. The defendant also offered evidence of his good character.

Verdict: Guilty of the felony of rape whereof the defendant stands indicted.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*R. Kennedy Harris for defendant.*

STACY, C. J.  The case presents little more than a disputed question of fact. The exceptions all relate to the charge. While there may be some slight inaccuracies in stating portions of the evidence, they were not

called to the judge's attention, and, in the main, are really not important. *S. v. Sterling,* 200 N. C., 18, 156 S. E., 96. Nor did the defendant think so at the time. Considered contextually and as a whole, the defendant has no just cause to complain either at the context or the form of the charge. It is free from reversible error. *S. v. Johnson,* 207 N. C., 273, 176 S. E., 581. A detailed consideration of the exceptions would only result in the restatement of familiar principles. The exceptions are not sustained.

The recitation of the State's contention that the prosecutrix was "corroborated in every detail by Mildred Williams," defendant's witness, and that the defendant who put her on the stand "vouches for her veracity," to which the defendant excepts, is not in violation of the statute, C. S., 564, prohibiting an expression of opinion on the part of the judge, for the court was here giving the State's contention in regard to the matter. If thought to be erroneous or misleading, it should have been called to the court's attention at some appropriate time before the issue was submitted to the jury. *S. v. Lea,* 203 N. C., 13, 164 S. E., 737. This was not done.

The case is controlled by the principles announced in *S. v. Jessup, ante,* 620. Compare *S. v. Blue, ante,* 612.

The verdict and judgment will be upheld.

No error.