STATE v. L. R. WELLS.

(Filed 25 March, 1942.)

**1. Criminal Law § 81c—**

An exception to the admission of evidence cannot be sustained when other evidence admitted without objection renders the evidence objected to harmless even if it be conceded that it was incompetent

**2. Criminal Law § 53g—**

Where defendant fails to object at the time to the court's statement of a contention of the State, based upon an argument of counsel for the State which was made without objection at the time, the exception to the statement of the contention is ordinarily waived.

**3. Criminal Law § 81c—**

Error must be harmful or prejudicial in order to entitle defendant to a new trial.

APPEAL by defendant from *Phillips, J.,* at August Term, 1941, of POLK.

Criminal prosecution upon two indictments charging defendant with (1) conspiring with Arthur Suber, Cleveland Rice and Hattie Smith to burn the Tryon Colored Public School building, and (2) with procuring Arthur Suber, Cleveland Rice and Hattie Smith to set fire to and burn said building, by agreement consolidated for the purpose of trial and treated as two counts in the same bill of indictment.

A new trial was granted defendant on former appeal from sentence on jury verdict, 219 N. C., 354, 13 S. E. (2d), 613.

Verdict upon retrial: Guilty as charged.

Judgment: Confinement in State's Central Prison at hard labor, to wear stripes, for not less than five years nor more than seven years.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Charles F. Gold, Jr., and Bismarck Capps for defendant, appellant.*

WINBORNE, J. Appellant, through his counsel, presses for error in the trial below in the main two assignments, neither of which, on this record, is tenable.

1. Exception is taken to testimony of Sheriff Hines, relating to a conversation with Arthur Suber, after the schoolhouse was burned, and while Suber was in jail and not in presence of defendant, in which the sheriff testifies that "I told Suber his story and Wells' didn't agree"; that Suber had told him that he and Wells did not see each other that night; that Wells told him that he saw Suber twice, and Suber replied, "Did he tell you that? . . . I wish you had brought him." Objection is directed particularly to the sentence "I told Suber his story and Wells' didn't agree." It is contended that this was· an opinion, which was calculated to prejudice defendant before the jury. The court admitted the testimony for purpose of corroboration, and so instructed the jury.

In this connection a perusal of the record discloses that, without objection, Arthur Suber, as witness for State, testified: "I said I had not seen him. Wells give a written statement that he had seen me twice. I asked the Sheriff to bring Wells and Rice . . . and I would confront them and tell the whole thing." Furthermore, Amos Foster, who was with the sheriff, also as witness for State, stated: "We . . . brought him (Wells) to jail . . . and Arthur says to Wells, 'Professor, did you tell these gentlemen we saw each other on the evening the schoolhouse was burned that night?' He says, 'Yes' and hung his head," and then

Suber said, " 'Professor, you know we were not to have seen each other. You went ahead and told we did . . . I am going to tell the truth.' "

In the light of this testimony, admitted without objection, the statement of the sheriff, if erroneous at the time, was rendered harmless.

2. Exception is also taken to this portion of the charge: "The State insists and contends that two of the conspirators have been convicted and are now serving their time, and the State insists and contends that it is nothing but right and proper that all who participated should be served with the same spoon, and that they should all be convicted and that you should be satisfied from the evidence and beyond a reasonable doubt that not only were Suber and Rice two of the participants, but that Wells was the third, and that you should be satisfied from the evidence, beyond a reasonable doubt, and return a verdict as to his guilt."

It is urged that this statement of contention is an expression of opinion on the facts in violation of the statute, C. S., 564. The record shows that such contentions are attributable to counsel for the State in his argument to the jury. However, even though the argument may have been objectionable, the record fails to show that any objection was taken to it at the time it was made. Furthermore, no objection was made, at the time, to the statement of contention by the court. Ordinarily, as held by this Court, failure to so object constitutes waiver of right to object. Hence, if it be conceded that the statement of contention on such argument be susceptible of prejudicial inference, we are of opinion that the right of defendant to object thereto has been waived, and that the exception is not timely. Moreover, in this connection, it is seen that the witness Arthur Suber testified without objection that at a term of court in 1940 "I came in and pleaded guilty and am now in the penitentiary for this offense"; that Cleveland Rice also without objection stated, "I was tried and convicted for this same offense and am now serving time for it"; and that there was evidence that Hattie Smith pleaded guilty at a former trial. Thus it may be doubted that the contention as stated was harmful.

Other exceptions are without merit.

It is noted that in the face of his plea, supported by his testimony and other evidence, two juries have not accepted defendant's version of the facts. And on this record the defendant has failed to show prejudicial error in the trial below.

No error.