STATE v. HILBRETH BRITT.

(Filed 6 June, 1945.)

1. Criminal Law § 41d—

On trial upon an indictment for homicide, it is competent for the State to contradict the testimony of defendant's wife, by showing prior inconsistent statements made by her, and a person, to whom the said wife made such contradictory statements, is a competent witness for that purpose.

**2. Criminal Law §§ 41d, 48b, 53g—**

In a criminal prosecution, where the State offered evidence of state-ments made by defendant's wife, as to the circumstances of the killing, inconsistent with her testimony for defendant, and defendant failed to request that same be considered only for the purpose of impeaching or contradicting his wife's testimony, such evidence becomes substantive and a contention of the State based thereon, given in the charge to the jury, without objection at the time, will not be held for error.

**3. Criminal Law § 53g—**

Ordinarily, the failure to object in apt time to a statement of conten-tion by the court constitutes waiver of the right to object.

**4. Appeal and Error §§ 24, 29—**

An argument unsupported by exception is as ineffective as an exception without argument or citation of authority.

**5. Appeal and Error §§ 23, 24: Criminal Law § 53g—**

An exception, for failure to charge the jury as required by G. S., 1-180, must be taken in the same manner as any other exception to the charge, and an assignment of error based thereon must particularize and point out specifically wherein the court failed to charge the law arising on the evidence—otherwise it becomes a mere broadside and will not be con-sidered unless pointed out in some other exception.

APPEAL by defendant from *Hamilton, Special Judge,* at October Term, 1944, of ROBESON.

Criminal prosecution tried upon indictment charging the defendant with the felonious slaying of one Jetter T. Connor.

On 9 July, 1944, the defendant and his wife, while in their automo-bile going from their home to the home of the defendant's mother, Mrs. Emeline Britt, picked up the deceased. The deceased had a fruit jar containing about a quart of liquor. Both the defendant and the deceased drank some of the liquor after arriving at the Britt home. Immediately thereafter they began to quarrel and to curse each other. The quarreling began while the defendant and the deceased were in the kitchen of the Britt home. Shortly thereafter, the defendant was standing in the front yard of the Britt home, talking to his mother, who was sitting on the porch. The deceased came from the kitchen and sat down on the porch. The quarrel was renewed, and the evidence is sharply conflicting as to what was said and done. The defendant offered testimony to the effect that the deceased approached him with a knife and that he wrung the knife from his hand, flipped him over his shoulder and threw him on the porch, and that the defendant never touched him thereafter. The State offered evidence tending to show that the defendant was a young man, 30 years of age, and weighed about 168 to 175 pounds. The deceased was a man

64 years of age, and weighed from 130 to 140 pounds. The defendant was a member of the United States Naval Forces and had been trained in the art of jiujitsu. That after the deceased had been thrown on the porch, that the defendant jumped on him and choked him or doubled up the body of the deceased in such manner as to prevent him from breathing. When the defendant got off the body of the deceased, at the request of his stepfather, Heman Britt, the face of the deceased was purple and he died without regaining consciousness.

Verdict: Guilty of manslaughter. Judgment: Imprisonment in the State's Prison for not less than four nor more than six years.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*
*T. A. McNeill and F. D. Hackett for defendant.*

DENNY, J. The appellant has abandoned his first seven and the tenth exceptions.

The court, over the objection of the defendant, permitted Willie M'White, a State's witness, to testify to a conversation which he had with the wife of the defendant, in the absence of the defendant, as to the manner in which the deceased, Jetter T. Connor, came to his death. The wife of the defendant had already been on the witness stand and testified that the deceased attacked the defendant with a butcher knife. Her testimony was in conflict with her prior statements, according to the testimony of the witness M'White. And, in giving the State's contentions in the charge to the jury, his Honor said: "The State contends . . . that you should be satisfied from the testimony of another M'White, Willie, I believe they called him, who shortly thereafter had gone to talk with the witness, Columbia, and that she told him that her husband had killed him with his hand, and no mention was made of any knife, and from all the statements you should be satisfied, in the first place, beyond a reasonable doubt, there was no knife, and in the second place, you should be satisfied the knife had been taken from the possession of the decedent and he was wholly and completely unarmed or disarmed at the time the blow was administered that proved to be fatal to the decedent, and that at least you should return a verdict of at least guilty of manslaughter."

The exceptions to the admission of the above evidence and to the foregoing part of the charge, constitute the defendant's sixth assignment of error.

It was competent for the State to contradict the testimony of the defendant's wife, by showing prior inconsistent statements made by her,

and the evidence of the witness M'White was competent for that purpose. However, the defendant did not request that this evidence be considered only for the purpose of contradicting or impeaching the testimony of his wife and not as substantive testimony against him. Therefore, the objection to its admission cannot be sustained. *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469; *S. v. Casey,* 212 N. C., 352, 193 S. E., 411; *S. v. Ray,* 212 N. C., 725, 194 S. E., 482; Rule of the Supreme Court, 221 N. C., 558. Likewise, the evidence having been generally admitted, a contention of the State based thereon, given in the charge to the jury, without objection at the time, will not be held for error. *S. v. King,* 219 N. C., 667, 14 S. E. (2d), 803; *S. v. Johnson,* 219 N. C., 757, 14 S. E. (2d), 792; *S. v. Bowser,* 214 N. C., 249, 199 S. E., 31. Ordinarily the failure to object in apt time to a statement of contention by the court, constitutes waiver of the right to object. *S. v. Wells,* 221 N. C., 144, 19 S. E. (2d), 243.

Exceptions eleven through fifty-six are also directed to the charge of the court. But none of these exceptions are brought forward in appellant's brief and argued or authorities cited in support thereof, as required by Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 563. Hence, these exceptions will be treated as abandoned.

The appellant does argue in his brief that the trial court failed to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon," as required by G. S., 1-180, but there is no exception in the record based on such failure on the part of the court, to comply with the statute. An argument unsupported by exception is as ineffective as an exception without argument or citation of authority. *Curlee v. Scales,* 223 N. C., 788, 28 S. E. (2d), 576. An exception for failure to charge the jury as required by G. S., 1-180, must be taken in the same manner as any other exception to the charge and an assignment of error based thereon, "must particularize and point out specifically wherein the court failed to charge the law arising on the evidence." *S. v. Dilliard,* 223 N. C., 446, 27 S. E. (2d), 85. Failure to particularize and point out wherein the court failed to comply with the statute will constitute such exception a mere broadside exception, and it will not be considered, unless it is pointed out in some other exception or exceptions to the charge wherein the court failed to comply with the statute. *S. v. Friddle,* 223 N. C., 258, 25 S. E. (2d), 751, and *S. v. Dilliard, supra,* and cases there cited. A careful consideration of the charge, however, discloses no prejudicial error.

The remaining exceptions are formal and cannot be sustained.

In the trial below, we find

No error.