STATE v. NATHANIEL FOY.

(Filed 2 February, 1951.)

**Criminal Law § 81c (4)—**

　　Where but one sentence is imposed upon a verdict of guilty as to both counts in an indictment, alleged error relating to one count only cannot entitle defendant to a new trial when no error is found as to the other

count, and the sentence imposed is within the limits prescribed for such offense.

APPEAL by defendant from *Clement, J.,* February Term, 1950, of FORSYTH.

Criminal action tried upon an indictment charging the defendant with a conspiracy to sell intoxicating liquor and with the unlawful sale of intoxicating liquor.

The jury returned the following verdict: "Guilty of conspiracy to sell intoxicating liquors as charged in the bill of indictment, and guilty of selling unlawful liquors as charged in the bill of indictment."

The court did not enter separate judgments on the respective counts for the purpose of punishment, but entered one judgment on the verdict, committing the defendant to the county jail for 18 months, to be assigned to work under the supervision of the State Highway and Public Works Commission.

Defendant appeals, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and John R. Jordan, Jr., Member of Staff, for the State.*

*Higgins & McMichael for defendant.*

PER CURIAM.   The defendant assigns as error the refusal of the trial court to sustain his motion for judgment as of nonsuit. We concur in the ruling below as to both counts in the bill of indictment.

The defendant also challenges the validity of the verdict on the second count, on the ground that the jury found him "guilty of selling 'unlawful liquors' as charged in the bill of indictment," instead of finding him guilty of selling "intoxicating liquors" as charged in the bill of indictment. We consider the exception without merit; but, if it were otherwise, the judgment should be upheld on this record.

The exception to the failure of the court below to sustain the defendant's motion for judgment as of nonsuit is the sole exception in the record bearing on the first count, and that exception having been disposed of adversely to the defendant, and the sentence imposed being within the limit prescribed by statute for such offense, the judgment will be upheld. *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151, and cited cases. Therefore the judgment entered below is

Affirmed.