STATE v. W. M. (BILL) BENSON.

(Filed 10 October, 1951.)

**1. Criminal Law § 52a (7)—**

A general motion to nonsuit in a prosecution upon an indictment containing several counts does not present the question of the sufficiency of the evidence as to one particular count.

**2. Criminal Law § 35—**

Testimony of a declaration by a person to the effect that he was an employee of the defendant and that defendant had whiskey in his possession, is incompetent as hearsay.

**3. Conspiracy § 5—**

While the acts and declarations of one conspirator in furtherance of the unlawful agreement is competent against the coconspirator, the existence of the conspiracy and defendant's participation therein at that time must be established by evidence *aliunde*, and in the absence of such evidence such declarations are incompetent as hearsay.

**4. Conspiracy § 6: Intoxicating Liquor § 9d—**

Evidence to the effect that nontax-paid whiskey was found in the room in defendant's store in which defendant's employee slept, and that the employee sold some liquor to an officer, *is held* insufficient to show a conspiracy between defendant and his employee to violate the prohibition law.

**5. Criminal Law § 83—**

While error relating to one count alone will not vitiate conviction on other counts upon which the trial was free from error, where, under the charge, prejudicial error is made to relate to all of the counts, a new trial will be awarded.

APPEAL by defendant from *Burgwyn, Special Judge,* March Term, 1951, JOHNSTON. New trial.

Criminal prosecution under a bill of indictment in which it is charged that defendant did unlawfully (1) enter into a conspiracy with one Sam Boykin to violate the prohibition law, (2) have and keep in his possession a quantity of liquor on which the federal and state taxes had not been paid, and (3) keep in his possession for the purpose of sale one-half gallon of intoxicating liquor.

The testimony considered in the light most favorable to the State tends to show that defendant operates a store in Johnston County and employs one Sam Boykin who sleeps in a room in the building. On 7 August 1950, officers went to the store with a search warrant and searched the premises. Boykin and Benson were there. The officers first spoke to Boykin, and Benson, who was on the other side of the store, "stooped down and started for the front door," but he was stopped and told to wait

until the search was completed. The officers searched behind the counter in the room where Boykin slept. They found two bottles of whisky on the floor against the wall and two or three jars with the odor of whisky in a compartment hole in the floor and one bottle behind some groceries with about one inch of whisky in it. It was "bootleg" liquor. The State also offered evidence of statements made by Boykin in the absence of Benson sometime prior to the search.

There was a general verdict of guilty. The court pronounced judgment on each count but suspended the sentences imposed on the second and third counts on the conditions set forth in the judgment. Defendant excepted and appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*
*M. Butler Prescott for defendant appellant.*

BARNHILL, J. The defendant entered a general demurrer to the evidence and moved to dismiss the cause as in case of nonsuit. His exception to the ruling of the court thereon does not present for decision the question whether there was any sufficient evidence to support the count charging a conspiracy to violate the prohibition law. If defendant desired to challenge the sufficiency of the evidence to establish a conspiracy, he should have directed his motion to that particular count.

The State offered evidence of declarations made to an officer by Boykin sometime prior to the search to the effect that he was working for Benson; that he did not have any whisky then but his boss had gone after some and would be back soon. At a later time, on the day before the search, Boykin told the officer he had no bonded whisky. His boss was on a drunk. He had some fairly good white whisky. He sold the officer one-half gallon of white whisky and some Seven-Up.

This evidence was nothing more than hearsay and was incompetent. Objection thereto should have been sustained.

The existence of a conspiracy may not be established by the *ex parte* declaration of an alleged conspirator made in the absence of his alleged coconspirator. Only evidence of the acts committed and declarations made by one of the coconspirators after the conspiracy is formed is competent against all, and then only when the declarations are made or the acts are committed in furtherance of the conspiracy. *S. v. Wells,* 219 N.C. 354, 13 S.E. 2d 613; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Dale,* 218 N.C. 625, 12 S.E. 2d 556; *S. v. Herndon,* 211 N.C. 123, 189 S.E. 173.

To render such statements competent, there must be evidence *aliunde* of the existence of the conspiracy at the time and the participation

---

---

therein of the party against whom the evidence is offered. *S. v. Blanton,* 227 N.C. 517, 42 S.E. 2d 663.

There is no evidence *aliunde* tending to show the existence of a conspiracy between Boykin and the defendant at the time these declarations were made. The evidence as to the search, the finding of liquor in the room in which Boykin slept, and the presence of defendant at his store at the time, is not sufficient to establish a conspiracy between Boykin and Benson to violate the prohibition law. It is well to note here that if any liquor was found in the main part of the store or elsewhere than in the room where Boykin slept, that fact is not made clear on this record.

Ordinarily when the error committed is directed to one count only, and, as to the other counts, the trial was free from error, the verdict on the counts concerning which there was no error will be sustained. But such is not the case here.

In its charge the court instructed the jury that if it found the existence of a conspiracy and further found that Boykin had in his possession liquor upon which federal and state taxes had not been paid, and that he had it for the purpose of sale, it should return a verdict of guilty against Benson on the second and third counts. Of necessity this instruction, on this record, was prejudicial to the defendant.

For the reasons stated there must be a

New trial.