## STATE v. RANSOM MURPHY.

(Filed 30 April, 1952.)

**1. Intoxicating Liquor § 9d—**

Testimony of one witness that he bought a quantity of nontax-paid whiskey from defendant, and of another witness that she saw defendant sell the whiskey to the first witness, is sufficient to take the case to the jury on the charges of possession of whiskey for the purpose of sale and selling whiskey.

**2. Criminal Law § 34b—**

Defendant was charged with possession of whiskey for the purpose of sale, selling whiskey, and operating a public nuisance. *Held:* Under the facts of this case, the solicitor's statement to the effect that defendant's premises had been padlocked which restricted the charge "to the sale of whiskey," construed in its setting, eliminated the nuisance charge, but preserved both the charges relating to whiskey, and did not amount to an acquittal on the charge of possession for the purpose of sale.

**3. Intoxicating Liquor § 9g: Criminal Law § 60b—**

In this prosecution for possession of whiskey for sale, selling whiskey, and operating a nuisance, the solicitor elected not to proceed on the charge of operating a public nuisance. *Held:* The jury's verdict "guilty of possession for the purpose of sale and operating a public nuisance" supports judgment on the verdict for possession of whiskey for sale, and the verdict of "operating a public nuisance" will be disregarded as surplusage.

**4. Criminal Law § 81c (3)—**

The admission of evidence over objection is rendered harmless by the admission of similar testimony without objection.

**5. Intoxicating Liquor § 9c—**

Testimony tending to show the drunken demeanor of groups of persons seen loitering around defendant's place of business is competent as corroborative evidence of the State's witnesses to the effect that defendant sold one of them liquor.

APPEAL by defendant from *Stevens, J.,* and a jury, at December Term, 1951, of SAMPSON.

Criminal prosecution tried on appeal from the County Recorder's Court upon a warrant charging the defendant with (1) possession of nontax-paid whiskey for the purpose of sale, (2) selling whiskey, (3) aiding and abetting others in the commission of crimes, and (4) operating a public nuisance.

The court charged the jury that the defendant was being tried on two counts, (1) possession of nontax-paid whiskey for the purpose of sale and (2) selling whiskey.

Verdict: "Guilty of possession for the purpose of sale and operating a public nuisance."

From judgment on the verdict imposing penal servitude of eighteen months, the defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*
*David J. Turlington, Jr., for defendant, appellant.*

JOHNSON, J. The defendant's motion for judgment as of nonsuit, first made at the close of the State's evidence and renewed at the conclusion of all the evidence, was properly overruled. One witness testified he bought a Coca-Cola bottle full of nontax-paid whiskey from the defendant. Another witness testified she was present when the defendant sold this whiskey and saw him receive one dollar for it. This was sufficient to take the case to the jury on the counts in respect to possession and sale of whiskey.

The defendant contends the trial court erred in charging the jury that the defendant was being tried on two counts: (1) possession of nontax-paid whiskey for the purpose of sale, and (2) selling whiskey. The defendant urges that the Solicitor, by announcement previously made in open court, had elected to restrict the prosecution solely to the sale of whiskey, and that therefore the verdict of "guilty of possession for the purpose of sale and operating a public nuisance," was fatally at variance with the charge on which he was tried. Thus the defendant insists the judgment rendered below is unsupported by the verdict. Here the defendant seeks to invoke the rule that where, upon the trial of an indictment containing more than one count, the solicitor elects to try the case

upon one count only, such election is equivalent to a verdict of not guilty on the other counts. (*S. v. Sorrell,* 98 N.C. 738, 4 S.E. 630.)

These contentions of the defendant require that we examine and interpret the statement made by the Solicitor to see if it constitutes in law an election to restrict the charge to the sale of whiskey, as urged by the defendant. This is what the Solicitor said:

"I don't mind saying right in open court, not long after the warrant was issued,—I think the Sheriff will bear me out,—padlocking proceedings were instituted against him in my behalf and he was closed for a period of about six or seven months and by judgment of court it was agreed that he reopen his place,—signed by Judge Grady, holding court, —with the understanding his place would be properly operated and conducted from that time on, and I don't suppose it would be proper what took place that night; it wouldn't be competent in view of the fact that the place had been padlocked. That restricts the charge to the sale of whiskey."

The presiding Judge responded: "That is right, the sale of whiskey."

The record indicates that just prior to the Solicitor's statement the witness had testified he purchased from the defendant a Coca-Cola bottle full of whiskey; whereupon the Solicitor then shifted the line of examination and focused it on the nuisance count in the warrant by interrogating the witness in respect to the size and demeanor of the crowd present at the defendant's place of business the night in question. At this juncture the Solicitor in open court made the statement relied on by the defendant.

In its logical setting, the statement of the Solicitor would seem to be nothing more than a shorthand statement that, in deference to the padlock proceeding (G.S. 19-1 to 8), he was conceding the elimination of the nuisance charge and proceeding with the related whiskey charges; and the Judge's comment appears to be nothing more than a spontaneous shorthand confirmation of this concession which the Solicitor elected to make to the defendant. Such would seem to be the only logical interpretation of what was said, and particularly so in view of the fact that the presiding Judge thereafter submitted the case to the jury on both whiskey counts, and the defendant interposed no specific objection at the time. Besides, the record reflects nothing tending to show that the defendant was misled by the statement of the Solicitor or the comment of the presiding Judge. We hold, therefore, that there was no election to eliminate either of the whiskey counts, and that the verdict of "guilty of possession for the purpose of sale" was responsive to one of the issues submitted by the court. See *S. v. Gregory,* 153 N.C. 646, 69 S.E. 674; *S. v. Foy,* 233 N.C. 228, 63 S.E. 2d 170. It follows, then, that the verdict supports the judgment. *S. v. Epps,* 213 N.C. 709, 197 S.E. 580. The Solicitor's election to eliminate the nuisance charge was equivalent to a verdict of not

guilty on that count. *S. v. Sorrell, supra.* Thus the verdict of guilty of "operating a public nuisance" is surplusage, to be disregarded. *S. v. Perry,* 225 N.C. 174, 33 S.E. 2d 869.

Another group of exceptive assignments brought forward by the defendant relate to the reception in evidence, after the nuisance charge was dropped, of the testimony of Stedman Merritt, one of the State's witnesses, tending to show bad reputation of the defendant's place of business and that drunken people frequented and loitered about the place.

Conceding but not deciding that part of the testimony of the witness Merritt relating to the reputation of the defendant's place of business may have been inadmissible, nevertheless its reception was rendered harmless in view of the admission without objection of other similar testimony of the same witness. *S. v. Wells,* 221 N.C. 144, 19 S.E. 2d 243; *S. v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609; *S. v. Summerlin,* 232 N.C. 333, 60 S.E. 2d 322.

The testimony tending to show drunken demeanor of groups of persons seen loitering around the defendant's place was clearly competent as corroborative of the State's witnesses who testified to the sale of whiskey. *S. v. Ingram,* 180 N.C. 672, 105 S.E. 3.

We have examined the rest of the defendant's exceptions and find them without substantial merit. The case seems to have been tried free of prejudicial error.

No error.